**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DOLORES HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | CASE NO. ED CV 13-01385 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　A treating physician's opinion is entitled to deference, but is not binding on the Commissioner. *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Plaintiff's treating psychiatrist presented a one-paragraph opinion stating that Plaintiff was incapable of working. [AR 305] The Administrative Law Judge gave this opinion little weight. [AR 17] The sole claim presented on this appeal is that the assessment of this opinion was error. The Court disagrees.

　　　　Plaintiff first contends that the Administrative Law Judge did not actually say whether he accepted or rejected the opinion. Having given the opinion "less weight," having given the opinions of other physicians more weight, and having found that Plaintiff was capable of working, the Administrative Law Judge clearly demonstrated that he did not accept the treating psychiatrist's opinion that Plaintiff could not work.

Plaintiff next argues that, if the Administrative Law Judge rejected the treating psychiatrist's opinion, the Administrative Law Judge did not provide specific and legitimate reasons for doing so. This also is incorrect. The Administrative Law Judge stated that the opinion was without substantial support from any objective clinical or diagnostic findings. [AR 17] This was a legitimate factor to consider. *Johnson v. Shalala*, 60 F.3d 1428, 1433-34 (9th Cir.1995). He stated that the opinion was conclusory, not indicating what it was based on. [AR 17] This too is a legitimate factor. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190 (9th Cir. 2004). He stated that the physician appeared to rely heavily on Plaintiff's reporting of her subjective symptoms and, since he found Plaintiff's credibility somewhat wanting, the doctor's reliance on Plaintiff's reporting also was somewhat wanting. [AR 17] This too was a legitimate factor for the Administrative Law Judge to consider. *Sandgathe v. Chater,* 108 F.3d 978, 980 (1997); *Morgan v. Commissioner of Social Security Administration*, 169 F.3d 595, 602 (9th Cir. 1999), quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

Plaintiff protests that the objective evidence *does* support the physician's opinion, because she had been treated over a long period of time. As the Administrative Law Judge indicated, however, there was a period of twenty-five years from Plaintiff's military job until her most recent work when the record was silent. [AR14] Moreover, the evidence that Plaintiff points to is evidence that she had a mental impairment. This point the Administrative Law Judge accepted, finding that Plaintiff had the severe impairment of a bipolar disorder. [AR 10] The opinion that he discounted, however, was not an opinion that Plaintiff had a mental disorder, but rather an opinion that stated that Plaintiff could perform no work whatsoever. It is that opinion which the Administrative Law Judge found was not consistent with the evidence — as well as being subject to the other bases for rejection, identified above.

Plaintiff further argues that, even if the treating psychiatrist's opinion was not supported by objective evidence, the Administrative Law Judge should have contacted the psychiatrist for amplification. But "[a]n ALJ's duty to develop the record further is

triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). That was not the situation here.

Plaintiff lastly disputes the Administrative Law Judge's determination that linked his credibility findings of Plaintiff to his discrediting of the treating physician's opinion. As indicated, this is a proper basis for treating the opinion with less than usual deference. Again, however, Plaintiff misses the gist of the point. The opinion that was discredited was that Plaintiff could do no work. Plaintiff's similar statements to that effect the Administrative Law Judge found wanting; therefore, as part of the reason for not accepting the treating physician's opinion at face value, the Administrative Law Judge permissibly distrusted the opinion based on those statements.

In accordance with the foregoing, the Court finds that the decision of the Commissioner was backed by substantial evidence and was made in keeping with the correct legal standard. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). Accordingly, the decision is affirmed.

DATED: March 5, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE